**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

UNITED STATES OF AMERICA,

v.

GREGG SMITH,
MICHAEL NOWAK,
JEFFREY RUFFO, and
CHRISTOPHER JORDAN,

               Defendants.

Case No. 19-cr-00669

Hon. Edmond E. Chang

**DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO SUPPLEMENT PRETRIAL DISCLOSURE SCHEDULE**

| | |
|---|---|
| **KOBRE & KIM LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| 111 West Jackson Boulevard | One Manhattan West |
| Chicago, IL 60604 | New York, NY 10001 |
| *Counsel for Gregg Smith* | 155 North Wacker Drive |
| | Chicago, IL 60606 |
| | *Counsel for Michael Nowak* |
| **PETRILLO KLEIN & BOXER LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 655 Third Avenue | One Bryant Park |
| New York, NY 10017 | New York, NY 10036 |
| **JONES DAY** | **MOLOLAMKEN LLP** |
| 77 West Wacker | 300 North LaSalle Street |
| Chicago, IL 60601 | Chicago, IL 60654 |
| *Counsel for Jeffrey Ruffo* | *Counsel for Christopher Jordan* |

Defendants Gregg Smith, Michael Nowak, Jeffrey Ruffo, and Christopher Jordan (collectively, "Defendants") respectfully submit this reply memorandum in further support of their joint motion under Rule 16.1(b) of the Federal Rules of Criminal Procedure to supplement the Court's schedule for pretrial disclosures, ECF No. 136 (the "Scheduling Motion").

## PRELIMINARY STATEMENT

On December 20, 2019, the Government provided Defendants with a list of 54,456 separate trading sequences that it contends "underlie the charges in the Superseding Indictment." Government's Response, ECF No. 142 ("Opp.") at 3. The Government does not dispute that it must narrow this list of sequences to identify (1) the sequences the Government expects to offer during its case-in-chief, and (2) the sequences about which the Government expects to elicit specific testimony during its case-in-chief in advance of trial so that Defendants can adequately prepare their defense. Similarly, the Government does not dispute that it must provide notice of its intention to offer evidence at trial under Federal Rule of Evidence 404(b). Instead, it disagrees only about *when* it should be required to make these disclosures, and advocates for an unreasonably prolonged schedule that would severely hamper Defendants' efforts to prepare for trial and prevent the Court from adjudicating evidentiary issues in advance of the pretrial conference set for March 1, 2021.

For the reasons set forth below, the Court should direct the Government to provide notice of the relevant trading sequences and the Government's Rule 404(b) notice on the timetable requested by Defendants.

## ARGUMENT

In its opposition to Defendants' Scheduling Motion, the Government argues that: (1) its proposed disclosure schedule would not impede Defendants' trial preparation; (2) Defendants'

1

"choice" to conduct an in-depth review of the alleged spoofing sequences that will be presented to the jury at trial should not drive the disclosure schedule; (3) Defendants' proposed disclosure schedule—which would require the Government to identify the relevant trading episodes approximately 11 months after the Defendants' arrests—is not convenient for the Government; and (4) its proposed deadline to provide its Rule 404(b) notice 30 days before trial is sufficient because the Court's scheduling order, which does not address Rule 404(b) specifically, does not require a different deadline.  The Government's arguments are without merit.

### (1) Defendants' Proposed Disclosure Schedule Is Consistent with Applicable Precedents and Necessary to Permit Adequate Trial Preparation

The Government contends that Defendants "have not cited any legal authority in their Motion."  Opp. at 1, 4.  That is wrong.  Defendants cited the two comparable court orders in this District, each of which required the Government to make the exact same pretrial disclosures sought herein significantly further in advance of trial than the Government currently proposes.  *See* Scheduling Motion at 3-5 (citing to *United States v. Vorley*, No. 18-CR-0035 (ordering disclosure of sequences the Government expects to offer during its case-in-chief six months prior to trial and sequences about which the Government expects to elicit specific testimony during its case-in-chief four months prior to trial), and *United States v. Bases*, No. 18-CR-0048 (ordering disclosure of sequences the Government expects to offer during its case-in-chief seven and a half months prior to trial and sequences about which the Government expects to elicit specific testimony during its case-in-chief six months prior to trial)).  The Government does not—because it cannot—attempt to distinguish those precedents or offer a meaningful explanation as to why they should not apply here.

The Government argues that the time allotted for its case-in-chief and the "attention (and patience) of the jury" constrains it to a reasonable number of trading sequences, Opp. at 7, but this

2

only underscores the need for timely disclosure to the defense of the particular sequences that the Government will feature at trial. Defendants require sufficient advance notice of *which* episodes the Government intends to offer at trial in order to be able to evaluate "all of the facts and circumstances" of each trade to adequately prepare their defense, just as the exclusive regulator of the futures markets requires such information to differentiate legitimate from illegitimate trading activity. *See* Antidisruptive Practices Authority, 78 Fed. Reg. 31890, 31896 ("The Commission intends to distinguish between legitimate trading and 'spoofing' by evaluating all of the facts and circumstances of each particular case[.]").

For example, Defendants must have the chance to review documents and data that relate to the specific market context for each trade, in addition to the other factors of relevance to Defendants' specific decision-making for each order at issue. The Government's unreasonable disclosure schedule will, as a practical matter, severely undermine Defendants' ability to do so. Defendants' experts will also need sufficient time to analyze the trading sequences in order to prepare their opinions and related reports, which will be subject to the expert disclosure schedule set by the Court and expert testimony at trial. Moreover, under the Government's proposed schedule, Defendants will receive the trading sequences less than two weeks before the parties are to meet-and-confer regarding exhibit lists. Without the benefit of the trading sequences well in advance of that deadline, a significant number of evidentiary issues surely will remain unresolved when the parties submit their exhibit lists on January 11, 2021. *See* Minute Entry at 1, ECF No. 118.

The Government contends that the framework for Defendants' request is case law applicable to a bill of particulars and that Defendants are trying to "lock[] the government into its trial evidence at an early stage." Opp. at 6. However, as noted above, the Government concedes

3

that Defendants are entitled to the narrowed list of trading sequences—not so they can "lock" the Government in, but so they can adequately prepare their defense. Therefore, the issue is not *whether* Defendants should be provided with the narrow list, it is *when* the Government should provide it, and the case law regarding a bill of particulars is inapposite.

### (2) Defendants' Intention to Prepare and Present a Defense Does Not Justify Government Delay

The Government argues that disclosure is unnecessary prior to December 5 because it is Defendants' "choice" to conduct an in-depth review of the circumstances surrounding the relevant trading sequences in order to mount a defense to the serious charges contained in the Indictment. Opp. at 9. The Court should reject this argument, which reflects a distorted view of defense counsel's responsibilities. Just as it is the Government's burden to present admissible evidence sufficient to demonstrate Defendants' guilt beyond a reasonable doubt, it is defense counsel's obligation to conduct thorough and adequate pretrial investigation to develop and present available legal and factual defenses.

Defendants did not "choose" to be charged in this case, nor did they "choose" to be served with a spreadsheet containing more than 54,000 alleged spoofing sequences over a period of many years. It is the Government that chose to bring these wide-ranging charges purportedly based on a massive quantity of trading activity. Having made these choices, the Government should not be surprised that defense counsel is demanding timely disclosure of the episodes to be offered at trial so that the defense can thoroughly examine the circumstances surrounding each such episode in order to prepare for trial. To the extent the Government characterizes defense counsel's exercise of their duties as a "choice" that can be brushed aside, it demeans the integrity of the adversarial process.

The Government also argues that timely disclosure is unwarranted here in light of *United*

*States v. Flotron*, where a single defendant tried on a single count of conspiracy to commit commodities fraud was acquitted. Opp. at 8-9. This argument lacks merit. Mr. Flotron requested and was granted a trial as soon as possible (in part because Mr. Flotron, a Swiss national arrested on a trip to the U.S., was held pretrial in onerous home confinement), which makes that pretrial schedule an inapt comparison as a factual matter. *See* Minute Entry, *United States v. Flotron*, No. 17-cr-220 (D. Conn. Dec. 6, 2017), ECF No. 45. Moreover, while the Government relies on Mr. Flotron's acquittal as a reason to delay disclosure here, that jury verdict has no bearing on the Defendants' need in this case to conduct an in-depth analysis of the trading sequences the Government will offer. The *Flotron* "precedent" is inapposite as the facts of that prosecution were drastically different from the facts here in terms of the number of defendants, number and nature of the charges, number of trades at issue, and time period between the arrest and trial:

| | *Flotron* | *JPM Precious Metals* |
|---|---|---|
| **Number of defendants** | Single defendant | Four defendants and at least seven uncharged co-conspirators |
| **Charges** | A single count of conspiracy to commit commodities fraud | Fourteen counts alleging:<br><br>• RICO and section 371 conspiracies, collectively alleging no less than six objects<br>• Violations of manipulation, spoofing, and three fraud statutes |
| **Universe of trades** | Approximately 1,000 | More than 50,000 |
| **Date of trial** | 7 months after Mr. Flotron's arrest | Approximately 18 months after Defendants' arrests |

*See* Indictment, *United States v. Flotron*, No. 17-cr-220 (D. Conn. Sept. 26, 2017), ECF No. 14;

5

*see also* Transcript of Proceedings at 10-11, *United States v. Flotron*, No. 17-cr-220 (D. Conn. Dec. 11, 2017), ECF No. 47; *see also* Minute Entry, *United States v. Flotron*, No. 17-cr-220 (D. Conn. Apr. 16, 2018), ECF No. 201.  For all of those reasons, the condensed *Flotron* disclosure schedule should not inform the disclosure schedule to be set by the Court here.

The Government cannot dictate the manner in which Defendants prepare their defense or the quantum and nature of the factual development the Defendants believe necessary to develop a "winning defense case."  Opp. at 9.  That is defense counsel's job, and Due Process and the Federal Rules of Criminal Procedure require the Government to provide the defense with critical materials in its possession, custody, and control that they need, in a timely manner.  *See* Fed. R. Crim. P. 16(a)(1)(E)(i) (requiring disclosure of an item that is material to preparing the defense) & (E)(ii) (requiring disclosure of items the government intends to use in its case-in-chief); *see also United States v. Smith*, 502 F.3d 680, 689 (7th Cir. 2007) (A Rule 16 violation prejudices a defendant "when he is unfairly surprised by the evidence and cannot adequately prepare his defense or when the violation has a substantial influence on the jury."); *see also United States v. Sriram*, No. 00-CR-0894 (JWD), 2003 WL 22532800, at *12 (N.D. Ill. Nov. 6, 2003) ("Timely production of discovery was essential for adequate preparation by the defense. The indictment contained sixty-four counts; and the evidence regarding the issues raised in those counts necessarily analyzed and assessed by competent defense counsel was, to say the least, voluminous and extremely complex.").

(3)    **Requiring the Government to Disclose Those Episodes about Which It Intends to Offer Evidence at Trial Is Both Practical and Fair**

The Government has offered little as a basis to delay disclosure.  It claims that Defendants' request for disclosure of the episodes on which it intends to rely at trial is "unworkable" because COVID-19 prevents it from "regular access" to any of the three cooperating witnesses, who

apparently will be helping the Government choose the sequences for the Government's case-in-chief. Opp. at 9.

Even if the Government's contention is credited, Defendants should not be penalized because the Government has been dilatory. The Government has been investigating this matter since at least 2018. It decided to charge three of the Defendants in August 2019 and arrested them in September 2019.[1] It was the Government and not Defendants who chose to bring charges at that time, and given that choice it is not unfair or unreasonable to disclose the sequences on Defendants' schedule, which would require the Government to disclose material and necessary information—11 months after the arrests in this case.

That timetable is more than reasonable, especially in light of the Speedy Trial Act, which requires, in ordinary circumstances, that trial commence within 70 days of a defendant's first appearance on an indictment. *See* 18 U.S.C. §§ 3161 & 3161(h)(7)(C) ("No continuance . . . shall be granted because of . . . lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."). While Defendants are sensitive to the hardships imposed on the Court and the parties by the COVID-19 pandemic, the Government filed its charges approximately seven months before the pandemic affected the United States; and under Defendants' schedule, which was proposed to the Government on April 14, 2020, the Government would have an additional two months from now to narrow the trading episodes through (if necessary, online video or telephone) conferences with its cooperators. Accordingly, principles of fairness require a timely disclosure schedule of the trading sequences the Government intends to rely on and present through witnesses at trial.

---

[1] Defendant Jeffrey Ruffo was not charged until November 2019, and was served with a summons at that time.

**(4)  The Government Should Be Required to Provide Its Rule 404(b) Notice in Advance of Motions in Limine**

Finally, the Government argues that Defendants' proposed disclosure date for its Rule 404(b) notice is unwarranted because the Court's scheduling order does not require the notice to be provided prior to the pretrial conference.  Opp. at 10.  This argument misses the point, as the admissibility of Rule 404(b) evidence is typically litigated as part of motions in limine.  As noted in Defendants' Scheduling Motion, the Court's Standing Order Governing Criminal Pretrial & Trial Procedures states the Court's intention to "be in a position to decide as many of the motions in limine *before* the pre-trial conference by **relying on the briefs**; any remaining motions in limine will be decided at the pretrial conference[.]"  Standing Order ¶ 4 (emphasis in original).  The pretrial conference is currently set for March 1, 2021.  Under the Government's proposed deadline, however, it would not provide its Rule 404(b) notice until four days *after* the conference, making it impossible for the Court to adjudicate any evidentiary issues flowing from the notice consistent with its Standing Order.  Accordingly, the Court should grant Defendants' request for the Government to provide its Rule 404(b) notice three months prior to trial.

## **CONCLUSION**

Accordingly, for the reasons set forth above and in Defendants' Memorandum of Law in support of their joint motion, ECF No. 136, Defendants respectfully request that the Court so order the proposed supplemental pretrial disclosure schedule annexed to Defendants' Motion as Exhibit A.

Dated: May 14, 2020

Respectfully submitted,

/s/ Jonathan D. Cogan
Jonathan D. Cogan
Sean S. Buckley
Alexa R. Perlman
KOBRE & KIM LLP
111 West Jackson Boulevard
Chicago, IL 60604
(212) 488-1206

*Counsel for Gregg Smith*

/s/ David Meister
David Meister
Jocelyn E. Strauber
Chad E. Silverman
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-2100

William E. Ridgway
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, IL 60606
(312) 407-0449

*Counsel for Michael Nowak*

/s/ Guy Petrillo
Guy Petrillo
Daniel Z. Goldman
PETRILLO KLEIN & BOXER LLP
655 Third Avenue
New York, NY 10017
(212) 370-0331

Bethany Kaye Biesenthal
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 269-4303

*Counsel for Jeffrey Ruffo*

/s/ James J. Benjamin, Jr.
James J. Benjamin, Jr.
Parvin D. Moyne
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-8091

Megan Cunniff Church
MOLOLAMKEN LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 450-6716

*Counsel for Christopher Jordan*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, I caused a copy of the foregoing Joint Reply Memorandum In Support Of Defendant's Joint Motion to Supplement Pretrial Disclosure Schedule to be filed with the Clerk of the Court through the CM/ECF system, which will provide notice of the filing to all counsel of record.

/s/ Jonathan D. Cogan
Jonathan D. Cogan
KOBRE &KIM LLP
111 West Jackson Boulevard
Chicago, IL 60604
(212) 488-1206

*Counsel for Gregg Smith*