UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGG SMITH,<br>MICHAEL NOWAK,<br>JEFFREY RUFFO, and<br>CHRISTOPHER JORDAN,<br><br>Defendants. | No. 19 CR 669<br><br>Judge Edmond E. Chang |

**AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

1. All of the materials provided to an adverse party in this case by the United States and the defendants, Gregg Smith, Michael Nowak, Jeffrey Ruffo, and Christopher Jordan, in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the United States, the defendants, and Counsel (defined as counsel of record in this case) solely in connection with the prosecution and/or defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Notwithstanding Paragraph 1, Gregg Smith and Michael Nowak and their respective Counsel may use the following materials provided to them by the

United States, in connection with the defense of *Commodity Futures Trading Commission v. Nowak, et al.*, No. 19-CV-6163 (N.D. Ill.) (the "Parallel Civil Action"):

    a. Materials provided to the United States by the Commodity Futures Trading Commission;
    b. Materials obtained by the United States in response to any search warrant;
    c. Any other materials, to the extent agreed upon by Smith, Nowak, and the United States in writing; and
    d. Any other materials, if the person or entity that provided those materials to the United States consents in writing.

3. Counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than: (i) persons employed to assist in the prosecution or defense of this action or, with respect to the materials identified in Paragraph 2, the Parallel Civil Action; (ii) persons who Counsel believes may be potential witnesses and their counsel in this action or, with respect to the materials identified in Paragraph 2, the Parallel Civil Action; (iii) with respect to the materials identified in Paragraph 2, the Commodity Futures Trading Commission; and (iv) other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be provided copies of the materials as necessary to prepare the prosecution or defense, and may retain copies without prior permission of the Court provided that they agree to abide by the terms of this Order. Persons employed to assist in the prosecution or defense of this action or, with respect to the materials identified in Paragraph 2, the Parallel Civil Action, including, but not limited to, experts or contractors employed by the United States, the defendants, or Counsel, may retain copies of the materials until the end

of trial as Counsel deems necessary to assist in the prosecution or defense, prepare for trial, or provide testimony at trial.

4. The United States, the defendants, Counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case or, with respect to the materials identified in Paragraph 2, in connection with the Parallel Civil Action by the United States, the defendants, Counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. The United States, the defendants, Counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, Counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, the Parallel Civil Action, and all related appeals (if any), all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the producing party; or (3) retained in Counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by Counsel, the restrictions of this Order continue in effect for as long as the materials are so

maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any of the materials are produced to an adverse party in this case by mistake, the producing Counsel shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the United States, the defendants, and/or Counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials or judicial proceedings, nor do the restrictions in this Order limit Counsel in the use of discovery materials in judicial proceedings in this case or, with respect to the materials identified in Paragraph 2, the Parallel Civil Action.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision herein or for any further relief.

ENTERED:

*Edmond E. Chang*

HON. EDMOND E. CHANG
United States District Judge
Northern District of Illinois

Date: July 20, 2020