IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      v.<br><br>GREGG SMITH,<br>MICHAEL NOWAK,<br>JEFFREY RUFFO, and<br>CHRISTOPHER JORDAN,<br><br>          Defendants. | Case No. 19-cr-00669<br><br>Hon. Edmond E. Chang |

**DEFENDANT GREGG SMITH'S MEMORANDUM OF LAW
IN SUPPORT OF REQUEST TO EXCLUDE
<u>PROPOSED GOVERNMENT EXHIBIT 84</u>**

Jonathan D. Cogan
Matthew I. Menchel
Sean S. Buckley
Leanne A. Bortner
Christopher S. Cogburn
Michael Brasky
Kobre & Kim LLP
111 West Jackson Boulevard
Chicago, IL 60604

*Counsel for Gregg Smith*

Per the Court's directive at the June 2, 2022, pretrial conference, Defendant Gregg Smith respectfully submits this memorandum of law in support of his request to preclude the Government from offering Proposed Government Exhibit 84 ("GX 84") against him.

## ARGUMENT

The Government claims that GX 84—a March 6, 2008, chat between co-defendant Jeffrey Ruffo and third-party Christopher Pia regarding a Bear Stearns customer order—is admissible against Mr. Smith for two purposes: (1) "as part of the substantive trading conduct with which he's been charged;" and (2) as "pre-conspiracy evidence" to show "manner or means and the origination [of the conspiracy] and the relationship." (June 2, 2022, Pretrial Conf. Tr. at 77:4–14, ECF No. 533.) GX 84 is neither relevant to the substantive counts against Mr. Smith nor admissible as pre-conspiracy evidence. The Court therefore should preclude the Government from offering this exhibit against Mr. Smith.

*First*, the only substantive count against Mr. Smith that covers conduct dating back to March 2008 is Count Three (attempted price manipulation).[1] The Government has stipulated that it will prove the attempted price manipulation charge against Mr. Smith ***only*** through the specific trading sequences alleged in Paragraph 30 of the operative indictment. (Gov't Opp'n to Mot. to Dismiss at 45 n.29, ECF No. 166; *see also* Gov't Opp'n to Mot. to Dismiss Second Superseding Indictment at 17, ECF No. 473 ("[T]he Government will prove [the attempted manipulation charge] through the specific trading sequences alleged [in the operative indictment].").) And the Court relied on this stipulation in denying Defendants' motions to dismiss this claim for lack of

---

[1] The Second Superseding Indictment alleges that the relevant period for Count Three (attempted price manipulation) begins in January 2008, that the relevant period for Counts Five through Twelve (wire fraud affecting a financial institution) begins in May 2008, that relevant period for Count Twenty Four (commodities fraud) begins in May 2009, and that the relevant period for Count Twenty Six (spoofing) begins in July 2011. (ECF No. 448.)

1

specificity. (Order at 28 n.12, ECF No. 374 ("[T]here is no reason to dismiss the counts for lack of specificity, given the government's stipulation . . . that the attempted price manipulation counts will be proved via the specific trading sequences alleged in [the operative indictment].") The Government should be held to its stipulation. GX 84 does not relate to any of the specific trading sequences alleged in the Second Superseding Indictment and therefore cannot be offered by the Government in support of Count Three. And GX 84 is irrelevant to the other substantive counts against Mr. Smith because it predates the conduct alleged in those counts.[2]

*Second*, the statements in GX 84 are inadmissible as "pre-conspiracy evidence" against Mr. Smith because they do not fall within the coconspirator hearsay exclusion under Federal Rule of Evidence 801(d)(2)(E).[3] Putting aside the fact that Christopher Pia is not an alleged coconspirator, the statements all pre-date the alleged conspiracy, and "[s]tatements by coconspirators made either before the formation of a conspiracy or after its termination are not admissible under the coconspirator hearsay exception." *United States v. Coe*, 718 F.2d 830, 840 (7th Cir. 1983) (concluding that pre-conspiracy statements should not have been admitted against coconspirator under coconspirator exception); *see also United States v. Curry*, 977 F.2d 1042, 1057 (7th Cir. 1992) ("statements that occurred either before the beginning of the alleged conspiracy or after its end . . . could not be in furtherance of a conspiracy not in existence, and thus were not admissible under Rule 801(d)(2)(E)."). Rule 801(d)(2)(E) requires that the statement be made "during" the conspiracy. And since the "in furtherance" "limitation is meant to be taken seriously," a statement

---

[2] For the same reasons, GX 463 is also irrelevant to the substantive counts against Mr. Smith and is thus inadmissible for that purpose.

[3] Whether the pre-conspiracy *conduct* referenced in GX 84 (and allegedly depicted in GX 463) is admissible under Federal Rule of Evidence 404(b) is a separate issue that is being briefed by the Government in the first instance. (Tr. at 77-78.) Mr. Smith disputes that this is proper Rule 404(b) evidence and will respond to the Government's submission, which is being filed today.

made while a conspiracy is not in existence cannot be in furtherance of that conspiracy. *United States v. Bills*, No. 14-CR-135, 2016 WL 4366546, at *7 (N.D. Ill. Aug. 16, 2016) (internal quotation marks omitted). Here, the Government acknowledges that the communication memorialized in GX 84 pre-dates the conspiracy (Pretrial Conf. Tr. at 77:8 (referring to it as "pre-conspiracy evidence")); accordingly, it is not admissible against Mr. Smith as a coconspirator statement under Federal Rule of Evidence 801(d)(2)(E).[4]

## CONCLUSION

For the foregoing reasons, the Government should be precluded from offering GX 84 against Mr. Smith.

Dated: June 9, 2022

> Respectfully submitted,
>
> /s/ Sean Buckley
> Jonathan D. Cogan
> Matthew I. Menchel
> Sean S. Buckley
> Leanne A. Bortner
> Christopher S. Cogburn
> Michael Brasky
> KOBRE & KIM LLP
> 111 West Jackson Boulevard
> Chicago, IL 60604
> (212) 488-1206
>
> *Counsel for Gregg Smith*

---

[4] To the extent the Government intends to argue that certain of Mr. Pia's statements are non-hearsay for other reasons (e.g., imperatives), they remain inadmissible because they are not relevant for the reasons set forth above.

3