UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | No. 19-CR-669 |
| GREGG SMITH and | : | |
| MICHAEL NOWAK, | : | Hon. Edmond E. Chang |
| | : | |
| Defendants. | : | |

**The United States' Opposition to Defendants' Joint Motion to Bar the Government from Belatedly Revising Its Versions of the Offense Conduct**

The United States, by and through undersigned counsel, respectfully submits this opposition to the Defendants' Joint Motion to Bar the Government from Belatedly Revising Its Versions of the Offense Conduct (ECF No. 827) ("Motion" or "Mot."). On September 21, 2022, the government submitted its versions of the offense to the Probation Office for each defendant. *See* App. A (Smith) & B (Nowak). As part of the Sentencing Guidelines calculations in the versions of the offense, the government noted that:

> Pursuant to Guideline § 2B1.1(b)(1)(K), the offense level is increased by at least 20 levels because the preliminary loss calculations show an actual loss amount that resulted from the scheme to defraud of at least $9,500,000. The government will provide a declaration of Professor Kumar Venkataraman with the calculations that support this loss calculation. If the final figure places the defendant into a different loss band (*e.g.*, if it is more than $25,000,000), the government will provide a revised Guidelines calculation.

App. A at 7-8; App. B at 7. The government also stated that Prof. Venkataraman's forthcoming declaration would support the application of a two-level enhancement because the offenses involved 10 or more victims. *Id*. On December 22, 2022, the

government submitted Prof. Venkataraman's declaration to the Probation Office, *see* Appendix C, and noted that the government was revising its Guidelines calculation for both defendants to reflect a 22-level increase for a loss greater than $25 million under § 2B1.1(b)(1)(L) (with the other components of the government's Guidelines calculation remaining the same).[1] In their Motion, the defendants seek to bar the government from using Prof. Venkataraman's declaration because, they claim, it is an "attempt to revise [the government's] versions of the offense conduct through a lengthy and novel expert declaration." Mot. at 1. The defendants' argument, however, lacks merit for several reasons.

First, the loss analysis in Prof. Venkataraman's declaration is hardly "novel," as the defendants claim, nor should it be a surprise to them. *See* Mot. at 1. In his loss analysis, Prof. Venkataraman applied the same methodology that he used when he conducted a loss analysis in the *Vorley* and *Bases* spoofing cases, and the defendants have been provided with copies of Prof. Venkataraman's declarations from both cases.[2] The defendants' claim that Prof. Venkataraman's analysis is "novel," therefore, has no merit.

Second, the government stated in its versions of the offense that a declaration of Prof. Venkataraman would be forthcoming, and the government provided the declaration as quickly as possible given significant time and resource constraints. As

---

[1] The government also provided defense counsel with a copy of Prof. Venkataraman's declaration and the revised Guidelines calculation on the same day (December 22, 2022).

[2] Judge Tharp accepted Prof. Venkataraman's methodology for purposes of the sentencings in *Vorley*; the sentencings in *Bases* have not yet taken place.

the Court is aware, Prof. Venkataraman testified in early December at the trial of co-defendant Christopher Jordan, and Prof. Venkataraman's testimony was supported by a team at Monument Economics Group (which was in addition to the work supporting the separate Monument witness, Alejandro Silva, who admitted the government's charts of trading sequences). Prof. Venkataraman and the Monument team, therefore, have had to balance the competing priorities of preparing for the Jordan trial and completing Prof. Venkataraman's declaration in this case. In other words, there was no foot-dragging here; Prof. Venkataraman and Monument turned immediately from the defendants' trial in early August to this loss analysis and declaration, but the timing of the analysis and declaration necessarily was impacted by the intervening trial in Jordan's case.

Third, the defendants would not suffer any unfair prejudice from the Court's consideration of Prof. Venkataraman's declaration. The loss analysis is limited to the spoofing sequences that were summarized in GX 499, which was admitted at trial. *See* App. C at 7 n.12. The analysis, therefore, is not based on some "vast universe of purpose spoofing sequences," Mot. at 2, which the defendants have never seen or analyzed before.[3]

Finally, the defendants' proposed remedy—excluding Prof. Venkataraman's declaration—is an extreme sanction that is unwarranted. Prof. Venkataraman's loss analysis will likely assist the Court at sentencing as it determines the appropriate methodology to apply when calculating loss in this case. *See* Sentencing Tr. 16:02-

---

[3] While the defendants have not requested additional time to respond to Prof. Venkataraman's declaration, the government would not oppose a reasonable continuance of the sentencing date.

03, 21:09-10, *United States v. Vorley*, 18 CR 35 (N.D. Ill. June 21, 2021) (finding Prof. Venkataraman's market loss analysis provided "a reasonable estimate of intended loss from the spoofing scheme" and his methodology was "sufficiently reliable to support an estimate of the losses caused or intended by the defendants"). Alternatively, if Prof. Venkataraman's declaration were excluded, he could testify at sentencing in this case to the analysis in his declaration, however, Prof. Venkataraman's declaration is a more helpful way to present the analysis for the Court (and for the defendants to respond).

For the foregoing reasons, the Court should deny the defendants' Motion.

Dated: December 27, 2022

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: */s/ Matthew F. Sullivan*
Avi Perry, Deputy Chief
Matthew Sullivan, Trial Attorney
Christopher Fenton, Trial Attorney
Lucy B. Jennings, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
(202) 578-6583
matthew.sullivan2@usdoj.gov

## CERTIFICATE OF SERVICE

    I, Matthew F. Sullivan, hereby certify that on December 27, 2022, I caused the foregoing filing to be electronically filed with the Clerk of Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to the parties who have entered an appearance in this case.

                                                      /s/ *Matthew F. Sullivan*
                                                      Matthew F. Sullivan