UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | No. 19-CR-669 |
| GREGG SMITH and | : | |
| MICHAEL NOWAK, | : | Hon. Edmond E. Chang |
| | : | |
| Defendants. | : | |

**United States' Motion for Clarification Regarding the**
**Deadline to Submit Expert Declarations in Connection with Sentencing**

The United States, by and through undersigned counsel, respectfully seeks clarification from the Court regarding the deadline for the defendants to submit expert declarations in connection with the sentencings scheduled in this matter for May 2 (Smith) and May 3 (Nowak). In support of this motion, and in the interest of avoiding any delay in sentencing, the government states as follows:

1.　On January 23, 2023, in two Minute Entries (ECF Nos. 832 & 833), the Court denied the defendants' motion to preclude the government's supplement to its Version of the Offense—specifically an analysis by Prof. Kumar Venkatraman setting forth the loss calculation arising from the unlawful trading activity in this case—but also noted that the "defense of course may respond to the government's supplement." The Court explained:

> In any event, in light of the apparent importance of the loss calculation, whether under the Sentencing Guidelines or 18 U.S.C. 3553(a), the filing of the government's supplemental version is accepted. The Defendants may provide the Probation Office with the defense's supplemental version in response by 02/23/2023 (the

defense may seek an extension if that deadline is a problem).

*Id*. The Court also continued the sentencing dates, stating that the PSR would be due by March 6; the government's sentencing memorandum would be due on March 20; the defendants' sentencing memoranda due on April 10; the government's reply on April 17; and defendants' sur-reply on April 24. *Id*.

2. On February 23, 2023, notwithstanding the Court's statement that the defendants "may provide the Probation Office with the defense's supplemental version in response" by that date, neither defendant submitted anything to Probation (or sought additional time from the Court make such a submission).

3. On February 24, 2023, defense counsel contacted the government by e-mail and proposed modifying the submission schedule for the parties' sentencing memoranda. *See* Attach. A at 4-5. As it relates to expert declarations, in their e-mail, defense counsel stated: "We of course will not be submitting any supplemental papers or analyses to Probation at this point and will instead respond to Prof. Venkataraman's analysis as part of our respective sentencing submissions." *Id*. at 5. In response, the government asked for clarification, specifically, whether the defendants' response to Prof. Venkataraman's analysis would be limited to arguments based on the Sentencing Guidelines and § 3553(a) factors, or would include a rebuttal report, data analysis, or expert declaration. *Id*. at 4. Counsel for defendant Smith replied that they anticipated filing an expert declaration with their sentencing submission, but the final decision would be dependent on what position the government takes in its sentencing submission. *Id*. at 3. Counsel for defendant

Nowak responded that they anticipated filing an expert declaration with their sentencing submission. *Id.* at 2.

4. On February 25, 2023, the government responded to defense counsel and noted that—as set forth in the Court's January 23 Minute Entries—the deadline to submit a response to Prof. Venkatraman's analysis had passed. *Id.* at 1-2. The government also asked whether the defendants planned to seek leave of the Court to file expert declarations as part of their sentencing submissions. *Id.* at 2.

5. On February 27, 2023, defense counsel responded that, if the government is "taking the position that we have somehow waived our rights to present expert evidence in connection with sentencing, we disagree." *Id.* at 1.

6. In the interest of avoiding any delay in sentencing, the government now seeks clarification regarding for the date by which the defendants are required to submit expert declarations in response to Prof. Venkataraman's analysis. In their e-mails with the government, defense counsel acknowledged that their expert declarations will relate to Prof. Venkataraman's loss analysis. Therefore, the defendants' expert declarations are clearly within the scope of the deadline set forth in the Court's January 23 Minute Entries that required the defendants to submit such declarations by February 23, 2023. That timing would have allowed time for the government to draft a reply to the defendants' expert declarations, as necessary.

7. For context, in the *Bases* case, Prof. Venkataraman submitted a declaration that contained a loss analysis which was substantially similar to the one submitted in this case. Defense counsel in *Bases* (including counsel that appear on

behalf of defendant Smith now) submitted expert declarations that challenged Prof. Venkataraman's analysis, including by claiming that certain episodes considered by Prof. Venkataraman were erroneously included in his analysis. It took a significant amount of time—approximately four weeks—for the government and Prof. Venkataraman to analyze and draft a rebuttal report that demonstrated why the *Bases* defendants' characterizations of Prof. Venkataraman's analysis were incorrect.

8. Now, as the defendants themselves acknowledge, by missing the Court's deadline for submitting their expert declarations, they have created a situation "that likely complicates a one-week turnaround for the government's reply (and for Defendants' sur-responses) in April." *Id.* at 5. Given the similarity between Prof. Venkataraman's analyses in this case and the *Bases* case, the government anticipates it will take significantly longer than one week to respond to the defendants' expert declarations. While the defendants have proposed revising the sentencing submission schedule as a potential solution to this issue, it could have been avoided entirely if the defendants simply had adhered to the Court's schedule set forth in the January 23 Minute Entries.

Accordingly, the United States respectfully requests that (i) the Court clarify whether the defendants were required to submit any expert declarations in response to Prof. Venkataraman's analysis by February 23 and therefore must seek leave of the Court to include such submissions with their sentencing memoranda; and (ii) to the extent that the defendants are permitted to submit expert declarations in response to Prof. Venkataraman's analysis, the Court require the defendants to

submit those expert declarations on or before March 20, 2023 and permit the government to submit any rebuttal by April 17, 2023 (*i.e.*, the same date that the government's reply sentencing submission is due).

Dated: March 3, 2023

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: */s/ Matthew F. Sullivan*
Avi Perry, Deputy Chief
Matthew Sullivan, Trial Attorney
Christopher Fenton, Trial Attorney
Lucy B. Jennings, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
(202) 578-6583
matthew.sullivan2@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Matthew F. Sullivan, hereby certify that on March 3, 2023, I caused the foregoing filing to be electronically filed with the Clerk of Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to the parties who have entered an appearance in this case.

                                                    /s/ *Matthew F. Sullivan*
                                                    Matthew F. Sullivan