# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

April 10, 2023

### Exhibit C | Detailed List of Defendant's Objections

Pursuant to Federal Rule of Criminal Procedure 32(f), Mr. Smith submits his objections to the Presentence Investigation Report ("PSR") prepared on February 15, 2023, by the U.S. Probation Office in this matter.

- **Paragraph 15.** Matthew I. Menchel also authored the Defendant's response to the Government's version of the offense and we respectfully submit should be included as counsel of record on the PSR.

- **Paragraphs 18 – 28.** Mr. Smith objects to the Government's version of the offense summarized in these paragraphs as being inaccurate and contrary to the evidence presented at trial. To the extent necessary, the Sentencing Submission and Mr. Smith's prior submissions to the Probation Office address the Government's position.

  - **Paragraph 21.** Additionally, Mr. Smith notes Dr. Venkataraman's trial testimony is misquoted in this paragraph. Dr. Venkataraman testified that actions resulted in, "a significant shock to the market, a significant change in the visible contracts seen in the market, and other market participants respond to **the** signal" (Tr. 2750:21-24).

  - **Paragraph 24.** As noted in the Sentencing Submission, Mr. Smith further objects to the Government's victim compensation calculations based on a lack of substantiation, including but not limited to an incomplete list of purported victims and the lack of detail on the methodology formation for the purported loss calculation.

  - **Paragraph 25.** Mr. Smith objects to the characterization that the physical proximity of the traders during the alleged offenses establishes that the defendants worked together to spoof.

  - **Paragraphs 26 – 28.** Mr. Smith objects to the characterization of his trading practices and allegations that he coordinated spoofing efforts on the desk. To the extent necessary, the Sentencing Submission has addressed the Government's position.

- **Paragraph 34.** The final sentence of this paragraph includes factual inaccuracies: the employee terminated for misconduct was Michel Simonian, not Chris Jordan, and co-defendant Michael Nowak, not Mr. Smith, told the other traders on the desk to tell him

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

[Nowak] if they or anyone they knew was spoofing, as stipulated in the Defendant's response to the Government's version of the offense. *See* Tr. 1035:5-1036:6 (Trunz).

- **Paragraph 36, 37, 45.** Mr. Smith objects to the characterization of the intent and impact of his trading practices as inaccurate and contrary to the evidence presented at trial, as further detailed in the Sentencing Submission.

- **Paragraphs 39 – 44.** Mr. Smith objects to Dr. Venkataraman's loss calculation Methodology and has addressed his position in the Sentencing Submission. The Declaration of Dr. Mukarram Attari offers further critiques to Dr. Venkataraman's loss calculation Methodology and analysis.

- **Paragraph 53.** Mr. Smith objects to the characterization of his trading as an attempt to manipulate prices in order to mislead and cause losses to other market participants. The Sentencing Submission and Mr. Smith's prior submissions to the Probation Office address Mr. Smith's position.

- **Paragraph 57.** Mr. Smith objects and does not believe that a two-level enhancement for an offense involving ten or more victims under U.S.S.G. § 2B1.1(b)(2)(A) is warranted in this case. The Sentencing Submission and Mr. Smith's prior submissions to the Probation Office address Mr. Smith's position.

- **Paragraph 64.** Mr. Smith objects and does not believe that a two-level enhancement for use of a special skill to commit the instant offenses under U.S.S.G. § 3B1.3 is warranted in this case. The Sentencing Submission and Mr. Smith's prior submissions to the Probation Office address Mr. Smith's position.

- **Paragraph 84**. Mr. Smith's sister's name is Jodi Parascondola. It is misspelled in this paragraph as "Pariscondola."

- **Paragraph 86.** This paragraph does not accurately reflect Mr. Smith's wife's health. As detailed in the Sentencing Submission, she was recently diagnosed with breast cancer and is currently being treated under the care of her oncologist.

- **Paragraph 87.** Jake Smith, Mr. Smith's eldest son, no longer lives at the Smith residence in Scarsdale, New York. He currently resides in Houston, Texas.

- **Paragraph 96.** Mr. Smith's medical procedure took place at a hospital in Staten Island, New York, instead of Staten Island, Illinois.

- **Discretionary Conditions of Supervised Release Pursuant to 18 U.S.C. § 3563(b) and 18 U.S.C. § 3583(d)**

    o **Term 5.** Mr. Smith objects to Term 5 of the Discretionary Conditions of Supervised Release recommended by Probation, which instructs that he shall not invest monies for persons or entities other than himself.

- o **Term 6.** Mr. Smith objects to Term 6 of the Discretionary Conditions of Supervised Release recommended by Probation, which instructs that he shall not knowingly meet or communicate with Michael Nowak and Christopher Jordan. Mr. Smith has no objection to restricting communications with Christopher Jordan. However, Mr. Smith and Mr. Nowak have been close friends for years and both Mr. Smith and Mr. Nowak are no longer trading in the industry. There is thus no basis to believe that communications between the two would promote unlawful activity or otherwise cause any harm.

- o **Term 7.** Mr. Smith objects to Term 7 of the Discretionary Conditions of Supervised Release recommended by Probation, which instructs that he shall refrain from excessive use of alcohol. Mr. Smith does not have a history of alcohol abuse, and thus this condition is unnecessary.

- o **Term 14.** Mr. Smith objects to Term 14 of the Discretionary Conditions of Supervised Release recommended by Probation, which orders that he shall not leave from the federal judicial district where he is being supervised, unless granted permission to leave by the Court or Probation. Mr. Smith's current bail conditions permit him to travel throughout the Continental United States without advance notice and approval from Pretrial Services and there is no change in circumstance warrants this limitation. Most of Mr. Smith's family resides in the various states within the Greater New York Area – although his son Jake lives in Houston, Texas – and Mr. Smith owns multiple properties in various states in the area. Thus, Mr. Smith wishes to travel throughout the United States without permission from the Court or Probation.

- **Special Conditions of Supervised Release Pursuant to 18 U.S.C. 3563(b)(22) and 3583(d)**

  - o **Term 3.** Mr. Smith objects to Term 3 of the Special Conditions of Supervised Release recommended by Probation, which instructs that he shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 300 hours. Given Mr. Smith's age and his responsibility to take care of multiple family members, we respectfully submit that this condition is unnecessary.

  - o **Term 6.** Mr. Smith objects to Term 6 of the Special Conditions of Supervised Release recommended by Probation, which instructs that he shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release. Mr. Smith objects to this condition because it is unnecessary given that there is no restitution obligation and the government is not seeking forfeiture.

- o **Term 7.** Mr. Smith objects to Term 7 of the Special Conditions of Supervised Release recommended by Probation, which instructs that he must notify the probation officer of any significant change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments, within 72 hours of the change. This condition is unnecessary, especially given that the Government is not seeking forfeiture and restitution has been satisfied by his former employer.